

3737 Glenwood Ave. #100 • Raleigh, NC 27612

03/05/2018

Ryan Smith
Ryan@NCLawyerNow.com
Direct Phone: 919-809-3807

**VIA FAX & ECF**
Honorable P. Kevin Castel
United States Courthouse
Courtroom 11D
500 Pearl Street
New York, NY 10007

Re:   *Daly v. McFarland*, 17-cv-03461,
       *Herlihy et al v. Frye Media*, 17-cv-03296,
       *Jung v. McFarland, et al*, 18-cv-00449,
       *Jutla v. Fyre Media*, 17-cv-03541, and
       *Petrozziello v. Fyre Media*, 18-cv-00146
**Request for an Extension of Time**

Dear Judge Castel,

    As of last Tuesday, we represent defendant Jeffrey Atkins in the above matters.
    We write to request a 60-day or so day extension of time on the joint Initial Pretrial Conference and Status Conference scheduled on 03/13/18 at 11AM in Courtroom 11D at the United States Courthouse at 500 Pearl Street, New York, NY. We say "or so" because we are agreeable to a week in either direction for the purpose of scheduling convenience.
    We were granted *pro hac vice* admission three days ago on Friday, March 2nd around lunch time. We immediately reached out to the Plaintiff's attorneys to determine whether or not they would oppose an extension of time. Marc Godino representing *Daly,* Rosemary Rivas representing *Herlihy,* and Andrew Grous representing *Petrozziello* do not oppose an extension of time.
    We have not yet communicated with Tina Wolfson representing *Jutla*. We note that all of our communication attempts were made Friday afternoon and it is likely we will hear back from her soon.
    Lori Feldman representing *Jung*, opposes any extension of time on the grounds that "…the cases should move forward". Accordingly, the rest of this letter lays out our rationale for the Court granting an extension of time and offers a proposed Revised Case Management Plan and Proposed Scheduling Order for *Daly* and *Herlihy*.
    The ABA's Model Rules of Professional Conduct Rule 1.1: Competence is representative of the rules in every jurisdiction in which we practice. It states: "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness

and preparation reasonably necessary for the representation." At present, we cannot competently represent Mr. Atkins less than a week from now. We lack the requisite thoroughness and preparation reasonably necessary for the representation. These matters against Mr. Atkins are composed of six complex cases spread over several jurisdictions. We need adequate time to develop our understanding of the issues, the facts, speak to the witnesses/attorneys, retain additional counsel, etc. The following timeline demonstrates how quickly we have been moving and how in spite of our best efforts, we cannot be ready in such a short time:

1. We were engaged as counsel of record on 02/26/18 at 4:06PM. Functionally, the work to get our firm *onto* the cases (as opposed starting substantive work) began 02/27/2018. This was only last Tuesday.
2. We are a North Carolina law firm not previously admitted to this Court. On engagement, we immediately applied for *pro hoc vice* admission, which was granted on Friday, 03/02/2017, one business day ago.
3. Last week we did not have meaningful access to Mr. Atkins to begin the process of developing our understanding of the cases. First, on 02/26/18 he was at a family member's funeral. Second, on 03/02/18 and 03/03/2018, he was performing shows. We have a call scheduled tomorrow 03/06/2018 or the next day, 03/07/2018. Mr. Atkins' current unavailability aside, we have numerous other "set up" issues that will take substantial work hours to accomplish before we can truly begin the substantive work.
4. Individually, these are large and complex matters. A request for an extension of time for any **one** matter would not be unexpected. Here, there are **six** related matters: five in this Court and one in the Southern District of Florida. The cases in both jurisdictions have similar timelines, and thus similar time pressures.
5. We have not received any of these matter's files from the original attorneys The Sclar Law Group. We have been in negotiation with their principal in an effort to get the files, but do not yet have them.
6. Consequently, we are working from filings pulled from the Internet. Each case file is several hundred pages, making a total in the thousands of pages. Even the process of downloading and printing the files took several hours. Moreover, this letter took several hours to write and was drafted on Sunday. We have 2 lawyers on this case as of now and will have more once we get local counsel. Even with two lawyers and working on the weekend, we are not going to be ready in time.
7. Importantly, each and every one of the cases contain a plethora of important distinctions including the facts alleged, the causes of action, the relief sought, where the case is procedurally, etc. All of these differences need to be clearly understood and considered before we are able to competently present to this Court.
8. We are still reading through all of the files. We have neither begun breaking them down into manageable units nor meaningfully developed our understanding. The legal process is partly reading the material, partly discussing it with the involved parties and partly letting it develop in the individual lawyer's mind. We have not yet accomplished any of these three crucial processes. Until we do so, we are not competent to defend our client's interests. We will develop competence, but this takes time.
9. We have not yet secured a local firm to associate with. On 03/02/2018, the same day we were granted *pro hoc vice* admission to this Court, we requested the law firm Womble Bond

      Dickinson send over an engagement agreement for this matter. As of this writing, we have not received it, although it will certainly arrive sometime this week. Once we engage them, we will have to get the files from these matters over to them for their review so they can begin to work with us. Like us, it will take them some time to become familiar with these cases.

10. On Friday, we began reaching out to the other attorneys and immediately brought up settlements. Unlike litigation, settlement talks do not require deep knowledge of a matter, but only a meeting of the minds. Moreover, we are of the belief that having litigants work matters out amongst themselves is a desirable outcome.

11. As of this writing, 3 out of 5 cases are now in serious settlement negotiations. A time extension would also allow us to pursue these desirable developments. 60% of the cases in talks represent a sea-change in the direction of this entire matter.

12. Finally, more time allows us to attempt settlement negotiations with the two cases not currently in negotiation.

    The law firm that preceded us was granted one extension of time request by this Court. This is our first (and we anticipate only) extension of time request and as such your Honor has neither granted nor denied any priors requests we have made. An extension of time is necessary for us to be able represent our client competently while at the same time it appears that an extension of time will not harm the Plaintiffs' interests. Finally, it looks as though we will be able to settle a majority of these cases in the very near future.

    For all of these reasons we respectfully request that this Court grant the requested relief.

Very truly yours,

Ryan Smith

**VIA ECF**
*Daly v. McFarland*, 17-cv-03461, Marc Godino

*Herlihy v. McFarland,* 17-cv-03296, Rosemary Rivas

*Jung v. McFarland*, 18-cv-00449, Lori Feldman

*Jutla v. Fyre Media*, 17-cv-03541, Tina Wolfson

*Petrozziello v. Fyre Media*, 18-cv-00146, Andrew Grous